**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------X                          <u>ANSWER</u>
VERNITA WORRELL,
                                                                       *Civil Action No.*
                                         Plaintiff,                    1:22-cv-6256

        -against

HAWA UPPER WEST INC AND
495 AMSTERDAM AVENUE LLC,

                                         Defendants.
-------------------------------------X

Defendant HAWA UPPER WEST INC ("HAWA UPPER WEST" or "Defendant"), by and through its attorneys Geng & Associates, P.C., hereby submits this Answer to the Complaint submitted by Plaintiff VERNITA WORRELL ("Plaintiff"). Unless otherwise set forth, the numbered paragraphs in this Answer are intended to correspond to the same numbered paragraphs of the Complaint.

1. Defendant neither admits nor demines the allegations in paragraph 1 of Plaintiff's Complaint, except refers to the statutes referenced therein for the content thereof.

2. Defendant neither admits nor denies the allegations in paragraph 2 of the Plaintiff's Complaint, except refers to the statutes referenced therein for the content thereof.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph 3 of the Complaint.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Defendant admits the truth of the allegations set forth in paragraph 5 of the Complaint as against Defendant and lacks knowledge or information sufficient to form a belief

1

as to the truth of the allegations set forth in paragraph 5 of the Complaint concerning 495 AMSTERDAM AVENUE LLC.

6. Defendant admits that HAWA UPPER WEST was a lessee of the Premises and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 6 of the Complaint.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint, except refers to the statutes referenced therein for the contents thereof.

8. Defendant denies the allegations in paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint purports to state a legal conclusion to which no response is required, to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except refers to the statutes referenced therein for the contents thereof.

10. Paragraph 10 of the Complaint purports to state a legal conclusion to which no response is required, to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except refers to the statutes referenced therein for the contents thereof.

11. Paragraph 11 of the Complaint purports to state a legal conclusion to which no response is required, to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except refers to the statutes referenced therein for the contents thereof.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and avers that Defendant

does not operate. Own, or lease the 33rd St location as it is a franchise brand where Defendant exerts no control.

13. Paragraph 13 of the Complaint purports to state a legal conclusion to which no response is required, to the extent a response is required, Defendant denies the truth of the allegations contained therein.

14. Defendant neither admits nor denies the truth of the allegations set forth in paragraph 14 of the Complaint, except refers to the statute referenced therein for the contents thereof.

15. Defendant neither admits nor denies the truth of the allegations set forth in paragraph 15 of the Complaint, except refers to the statute referenced therein for the contents thereof.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint concerning HAWA UPPER WEST and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning 495 AMSTERDAM AVENUE LLC.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint, except refers to the statutes and regulations contained therein for the contents thereof.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint purports to state a legal conclusion to which no response is required, to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

25. Paragraph 25 of the Complaint purports to state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the truth of the allegations contained therein, except refers to the statutes referenced therein for the contents thereof.

26. Defendant repeats and realleges each and every prior paragraph stated above as if fully set forth herein.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint, except refers to the statutes referenced therein for the contents thereof.

28. Defendant denies the truth of the allegations set forth in paragraph 28 of the Complaint.

29. Defendant denies the truth of the allegations set forth in paragraph 29 of the
Complaint.

30. Defendant repeats and realleges each and every prior paragraph stated above as if
fully set forth herein.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of
the allegations set forth in paragraph 31 of the Complaint, except refers to the statutes
referenced therein for the contents thereof.

32. Paragraph 32 of the Complaint purports to state a legal conclusion to which no
response is required. To the extent a response is required, Defendant denies the truth
of the allegations contained therein, except refers to the statutes referenced therein for
the contents thereof.

33. Defendant denies the truth of the allegation set forth in paragraph 33 of the
Complaint, except refers to the statutes referenced therein for the contents thereof.

34. Defendant denies the truth of the allegation set forth in paragraph 34 of the
Complaint, except refers to the statutes referenced therein for the contents thereof.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of
the allegation set forth in paragraph 35 of the Complaint.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of
the allegation set forth in paragraph 36 of the Complaint, except refers to the statutes
referenced therein for the contents thereof.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of
the allegation set forth in paragraph 37 of the Complaint, except refers to the statutes
referenced therein for the contents thereof.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

38. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

39. Defendant is not a proper party to this action.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

40. Plaintiff failed to join a necessary party to the action.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

41. Defendant does not own the Premises during any relevant time.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

42. Plaintiff's claims are barred by virtue of his failure to fulfill any conditions precedent to bringing this lawsuit.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

43. The removal of any barriers that exist are not readily achievable.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

44. The equitable relief sought is improper, inequitable, and unwarranted.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

45. Defendant has not performed any major construction or renovations to the subject premises and the condition alleged, if any, is grandfathered in.

46. Specifically, the building is a landmark building, and thus subject to different regulations.

47. Defendant has obtained permit from the Department of Building and has in good faith comply with relevant rules and regulations pertaining to the renovation.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

48. Any alleged alterations to the Premises described by Plaintiff in the Complaint as mandated by the Americans with Disabilities Act (ADA) and New York State and New York City statutes and regulations were not readily achievable by Defendant.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

49. Implementing any of the alterations to the Premises alleged by Plaintiff in the Complaint as mandated by the Americans with Disabilities Act (ADA) and New York State and New York City statutes and regulations would have caused an undue financial burden on Defendant.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

50. The alterations to the Premises alleged by Plaintiff in the Complaint as mandated by the Americans with Disabilities Act (ADA) and New York State and New York City statutes and regulations were fundamental alterations.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

51. Plaintiff is barred from recovery insomuch as any loss or damage allegedly sustained by Plaintiff was caused by the actions and/or omissions of the Plaintiff.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

52. Plaintiff lacks standing to assert some or all of the claims asserted herein.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

53. Plaintiff's claims are barred by Plaintiff's own conduct.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

54. Plaintiff's claims are barred against the Defendant by the doctrine of unclean hands.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

55. Plaintiff failed to mitigate its damages, if any.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

56. There was no legal duty owed to Plaintiff by the Defendant. In the alternative, if such

a duty is found to exist, there was no breach thereof by Defendant.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

53. Plaintiff's claims are barred due to no wrongdoing on the Defendant's part.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

57. All of Plaintiff's causes of action are barred for and on account of its failure to set

forth more than conclusory allegations.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

58. Plaintiff's claims are barred because Plaintiff has not suffered any damages as a result

of any acts or omissions by the Defendant.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

59. The Plaintiff's claims are barred by reason of the good faith conduct of the

Defendant.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

60. Damages, if any alleged to have been suffered by Plaintiff were caused, in whole or

in part, by the intentional conduct, negligent conduct, fault or other culpable conduct

of Plaintiff.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

61. The Plaintiff's claims are barred for and on account of the Plaintiff's failure to comply with the pleading requirements.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

62. The Defendant hereby places the Plaintiff on notice that the Defendant intends to rely on such further defenses as may be revealed or developed during the course of discovery in this matter, and reserves the right to amend this answer to include such defenses, including counterclaims, to the extent required and/or permitted by law.

**WHEREFORE**, Defendant HAWA UPPER WEST, respectfully requests that:

a)  This Court dismiss the Complaint in its entirety with prejudice;

b)  The Court awards HAWA UPPER WEST the costs and expenses incurred in connection with this action, including reasonable attorneys' fees; and

c)  The Court grants HAWA UPPER WEST such other and further relief as is just and proper.

Dated: New York, New York
        September 13, 2022

Geng & Associates, P.C.
*Attorneys for Defendant*
*HAWA UPPER WEST INC*

By: ____/s/Sylvia Tsai
      Sylvia Tsai, Esq.
      275 Madison Ave, 903
      New York, NY 10016
      (646) 415-8841