UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
VERNITA WORRELL,

                              Plaintiff,

-against

HAWA UPPER WEST INC

                              Defendant/
                        Crossclaim Defendant

495 AMSTERDAM AVENUE LLC,

                              Defendant/
                        Crossclaim Plaintiff
---------------------------------------X

*Civil Action No.*
1:22-cv-6256

**ANSWER TO CROSS CLAIMS**

Defendant HAWA UPPER WEST INC ("HAWA UPPER WEST" or "Crossclaim Defendant"), by and through its attorneys Geng & Associates, P.C., hereby submits this Answer to the Answer and Crossclaim submitted by Defendant 495 Amsterdam Avenue LLC ("Crossclaim Plaintiff"). Unless otherwise set forth, the numbered paragraphs in this Answer are intended to correspond to the same numbered paragraphs of the Answer and Crossclaim.

1. Paragraph 50 of the Crossclaim Plaintiff's Answer and Crossclaim does not require an answer.

2. Crossclaim Defendant neither admits nor denies the allegations in paragraph 51 of the Crossclaim Plaintiff's Answer and Crossclaim, except refers to the statutes referenced therein for the content thereof.

3. Crossclaim Defendant neither admits nor denies the allegations in paragraph 52 of the Crossclaim Plaintiff's Answer and Crossclaim, except refers to the statutes referenced therein for the content thereof.

4. Crossclaim Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Answer and Crossclaim.

5. Crossclaim Defendant admits the truth of the allegations set forth in paragraph 54 of the Answer and Crossclaim.

6. Crossclaim Defendant admits to the truth of the allegations set forth in paragraph 55 of the Answer and Crossclaim as to the possession and existence of the lease and refers to the lease for the content thereof.

7. Paragraph 56 of the Crossclaim Plaintiff's Answer and Crossclaim does not require an answer.

8. Crossclaim Defendant admits to the existence of the lease as stated in paragraph 57 of the Answer and Crossclaim and refers to the lease for the content thereof.

9. Crossclaim Defendant admits to the existence of the lease as stated in paragraph 58 of the Answer and Crossclaim and refers to the lease for the content thereof.

10. Crossclaim Defendant admits to the existence of the lease as stated in paragraph 59 of the Answer and Crossclaim and refers to the lease for the content thereof.

11. Paragraph 60 of the Answer and Crossclaim purports to state a legal conclusion to which no response is required, to the extent a response is required, Crossclaim Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except refers to the statutes referenced therein for the contents thereof.

12. Crossclaim Defendant admits to the existence of the lease as stated in paragraph 61 of the Answer and Crossclaim and refers to the lease for the content thereof.

13. Crossclaim Defendant admits to the existence of the lease as stated in paragraph 62 of the Answer and Crossclaim and refers to the lease for the content thereof.

14. Paragraph 63 of the Answer and Crossclaim purports to state a legal conclusion to which no response is required, to the extent a response is required, Crossclaim Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except refers to the statutes referenced therein for the contents thereof.

15. Crossclaim Defendant denies the truth of the allegation set forth in paragraph 64 of the Answer and Crossclaim.

16. Crossclaim Defendant denies the truth of the allegation set forth in paragraph 65 of the Answer and Crossclaim.

17. Crossclaim Defendant denies the truth of the allegation set forth in paragraph 66 of the Answer and Crossclaim.

18. Paragraph 67 of the Crossclaim Plaintiff's Answer and Crossclaim does not require an answer.

19. Crossclaim Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Answer and Crossclaim

20. Crossclaim Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Answer and Crossclaim.

21. Crossclaim Defendant denies the truth of the allegation set forth in paragraph 70 of the Answer and Crossclaim.

22. Crossclaim Defendant denies the truth of the allegation set forth in paragraph 71 of the Answer and Crossclaim, except refers to the statutes referenced therein for the contents thereof.

23. Crossclaim Defendant denies the truth of the allegation set forth in paragraph 72 of the Answer and Crossclaim.

24. Crossclaim Defendant denies the truth of the allegation set forth in paragraph 73 of the Answer and Crossclaim.

25. Crossclaim Defendant denies the truth of the allegation set forth in paragraph 74 of the Answer and Crossclaim.

26. Paragraph 75 of the Crossclaim Plaintiff's Answer and Crossclaim does not require an answer.

27. Crossclaim Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the Answer and Crossclaim.

28. Crossclaim Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the Answer and Crossclaim.

29. Crossclaim Defendant denies the truth of the allegation set forth in paragraph 78 of the Answer and Crossclaim.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

30. The Answer and Crossclaims, in whole or in part, fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

31. The removal of any barriers that exist are not readily achievable.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

32. Any alleged alterations to the Premises described by Crossclaim Plaintiff in the Answer and Crossclaims as mandated by the Americans with Disabilities Act (ADA) and New York State and New York City statutes and regulations were not readily achievable by Crossclaim Defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

33. Implementing any of the alterations to the Premises alleged by Crossclaim Plaintiff in the Answer and Crossclaims as mandated by the Americans with Disabilities Act (ADA) and New York State and New York City statutes and regulations would have caused an undue financial burden on Crossclaim Defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

34. Crossclaim Plaintiff's claims are barred against the Crossclaim Defendant by the doctrine of unclean hands.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

53. Crossclaim Plaintiff's claims are barred due to no wrongdoing on the Crossclaim Defendant's part.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

35. The Crossclaim Defendant hereby places the Crossclaim Plaintiff on notice that the Crossclaim Defendant intends to rely on such further defenses as may be revealed or developed during the course of discovery in this matter and reserves the right to amend this answer to include such defenses, including counterclaims, to the extent required and/or permitted by law.

**WHEREFORE**, Defendant HAWA UPPER WEST, respectfully requests that:

1. This Court dismiss the Answer and Crossclaim in its entirety with prejudice;

2. The Court award HAWA UPPER WEST the costs and expenses incurred in connection with this action, including reasonable attorneys' fees; and

3. The Court grant HAWA UPPER WEST such other and further relief as is just and proper.

Dated: New York, New York
       December 27, 2022

                                      Geng & Associates, P.C.
                                      *Attorneys for Defendant*
                                       *HAWA UPPER WEST INC*

By _____
      Sylvia Tsai, Esq.
      275 Madison Ave, 903
      New York, NY 10016
      (929) 468-9103